**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAYANA GONZALEZ-ESPANA; et. al., | No. 09-71508 |
| Petitioners, | Agency Nos. A078-239-915 |
| | A078-239-964 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN , and LEAVY, Circuit Judges.

Dayana Gonzalez-Espana and her son, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from the immigration judge's ("IJ") decision denying their application

for asylum, withholding of removal, and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to establish their experiences constituted past persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone...constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.").  Substantial evidence also supports the agency's finding that petitioners failed to establish an objective basis for a well-founded fear of future persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (petitioner must provide credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution).  The court lacks jurisdiction to consider petitioner's claim that she is a member of a social group of "single young female(s) from Guatemala who have been threatened with death in that country," based on the decision in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010) because

petitioner did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, petitioners' asylum claim fails.

Petitioners fail to raise any argument in the opening brief with respect to their withholding of removal claim and CAT claims. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

Finally, we reject petitioners' contention that the IJ's failure to mention their expert witness' statement in her decision violated due process because any alleged error by the IJ was corrected by the BIA. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998) (any error committed by the IJ may be rendered harmless by the BIA's application of the correct legal standard).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-71508